UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

RALPH FRANCIS DELEO,

   Petitioner,

v.

DAVID PAUL, Warden,

   Respondent.

Civil Action No. 5: 23-241-KKC

**MEMORANDUM OPINION AND ORDER**

\*\*\* \*\*\* \*\*\* \*\*\*

Federal inmate Ralph DeLeo has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [R. 1] In his petition DeLeo contends that, counting good conduct time and credits available under the First Step Act of 2018, he should have been released from custody three months ago. [R. 1 at 1-4] DeLeo filed a grievance in early July 2023 on the matter; the warden denied that grievance on August 8, 2023, rejecting DeLeo's contentions. [R. 1-1 at 1-3] DeLeo filed his petition seven days later, asking the Court to excuse further administrative exhaustion because (assuming he is correct) he is being deprived of his liberty. [R. 1 at 1] The Court screens the petition pursuant to 28 U.S.C. § 2243. *Pillow v. Burton*, 852 F. App'x 986, 989 (6th Cir. 2021).

DeLeo is nearing completion of a 199-month sentence imposed in 2012 for his leadership role in a criminal enterprise that imported and sold drugs and engaged in extortion and loan sharking. *United States v. DeLeo*, No. 1:09-CV-10391-DPW-1 (D. Mass. 2009). Despite having pleaded guilty to his crimes, over the last decade DeLeo has persistently attacked his convictions and sentence. Recently he filed several motions seeking compassionate release based upon his age and health conditions. *See Id.* at R.

385, 427, 450 therein.  In his most recent motion, filed in April 2023, DeLeo implausibly claimed that he had exhausted his administrative remedies because he requested compassionate release from the warden four years earlier in 2019.  *See* [R. 450 at 3]  On May 4, 2023, more than three months ago, DeLeo filed a reply brief in which he contended, much as he does here, that he "should be in prerelease custody but for staff being behind in doing their paper work." [R. 454 therein at 4]  Then on June 5, 2023, DeLeo filed a document with "new information" regarding his compassionate release motion, which sets forth the same arguments he presents in his habeas corpus petition before this Court. [R. 455 therein]

Leaving aside DeLeo's failure to disclose that two months he sought essentially the same relief on the same grounds from the trial court in a motion that is still pending, the foregoing history establishes that DeLeo has made, at best, a minimal effort to seek relief from the Bureau of Prisons before filing his petition in this Court. It is well established that a prisoner must first exhaust his administrative remedies within the Bureau of Prisons before seeking habeas relief under Section 2241.  *Fazzini v. Northeast Ohio Correctional Center*, 473 F.3d 229, 231 (6th Cir. 2006); *Leslie v. United States*, 89 F. App'x 960, 961 (6th Cir. 2004)("[I]t is well established that federal prisoners are required to exhaust their administrative remedies before filing a habeas corpus petition under § 2241.").  And this Court has previously advised DeLeo that he may not file suit after receiving only a denial of his inmate grievance from the warden, abandoning the remaining steps.  *See DeLeo v. Warden Paul*, No. 5: 22-CV-301-DLB (E.D. Ky. 2022) [R. 4 therein at 3 ("A prisoner who files a grievance but does not appeal to the highest possible

administrative level, does not exhaust available administrative remedies.") (*quoting Liggett v. Mansfield*, 2009 WL 1392604, at *2-3 (E.D. Tenn. May 15, 2009))].

DeLeo acknowledges his failure to exhaust administrative remedies, but claims that further pursuit would be "futile" because he believes that he is entitled to be released immediately. This Court and others have rejected the notion that already-passed or impending release, at least according to the petitioner's calculations, is sufficient to deem exhaustion futile. *Cf. Spicer v. Warden Lewisburg USP*, 786 F. App'x 333, 334 (3d Cir. 2019) (rejecting futility argument based on asserted entitlement to immediate release because prisoner had time to exhaust administrative remedies before that date and failed to do so); *Alvarez-Perez v. Holland*, No. 12-CV-199-DLB, 2013 WL 308878, at *2 (E.D. Ky. Jan. 25, 2013) (holding that exhaustion is not futile simply because it would delay release beyond claimed release date, noting importance of creating administrative record for Court to calculate proper release date). Further, in this case it appears that DeLeo waited several months to file a grievance with the warden after becoming aware of the grounds upon which he could seek relief. The resulting delay is thus an injury that DeLeo could have avoided through more prompt and diligent action. The Court will therefore deny the petition so that DeLeo may complete the administrative remedy process with the BOP, in so doing creating a full evidentiary record for subsequent judicial review, if necessary.

Accordingly, it is **ORDERED** as follows:

1. Ralph DeLeo's petition for a writ of habeas corpus [R. 1] is **DENIED** without prejudice.

2. This matter is **STRICKEN** from the docket.

3

Entered:  August 22, 2023.

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY